IN THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROHDE & SCHWARZ GMBH & CO. KG, | Case No. 2:18-cv-02402-SJO (FFMx) |
| Plaintiff, | **STIPULATED [~~PROPOSED~~] PROTECTIVE ORDER** |
| v. | |
| TEKTRONIX, INC., | Judge: Hon. R. James Otero |
| Defendant. | Magistrate Judge: Hon. Frederick F. Mumm |

## 1. INTRODUCTION

### 1.1 PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this Action may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the

applicable legal principles. The parties further acknowledge, as set forth in Section 13.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

1.2   <u>GOOD CAUSE STATEMENT</u>

Some of the material expected to be exchanged between the parties is information that is not generally available to the public, and that is maintained in confidence by the Producing Party.  Special protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

(a)   Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

(b)   The names, or other information tending to reveal the identity of a party's supplier, designer, distributor, or customer;

(c)   Agreements with third parties, including license agreements, distributor agreements, manufacturing agreements, design agreements, development agreements, supply agreements, sales agreements, or service agreements;

(d)   Research and development information;

(e)   Proprietary engineering or technical information, including product design, manufacturing techniques, processing information, drawings, memoranda, source code, and reports;

(f)   Information related to budgets, sales, profits, costs, margins, licensing of technology or designs, product pricing, or other internal financial/accounting information, including non-public information

/ / /

2

related to financial condition or performance and income or other non-public tax information;

(g)    Information related to internal operations including personnel information and confidential business practices;

(h)    Information related to past, current and future product development;

(i)    Information related to past, current and future market analyses and business and marketing development, including plans, strategies, forecasts and competition;

(j)    Trade secrets (as defined by the jurisdiction in which the information is located); and

(k)    Information that may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Unrestricted or unprotected disclosure of such confidential technical, commercial or personal information would result in prejudice or harm to the Producing Party by revealing the Producing Party's competitive confidential information, which has been developed at the expense of the Producing Party and which represents valuable tangible and intangible assets of that party. Additionally, privacy interests must be safeguarded. Accordingly, the parties respectfully submit that there is good cause for the entry of this Protective Order.

It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing will be so designated without a good faith belief that there is good cause why it should not be part of the public record of this case.

The parties agree, subject to the Court's approval, that the following terms and conditions shall apply to this Action.

/ / /

/ / /

3

**2. DEFINITIONS**

2.1 <u>Action</u>: RHODE & SCHWARZ GMBH & CO., KG V. TEKRONIX, INC., Case No. 2:18-cv-02402-SJO (FFMx).

2.2 <u>Challenging Party</u>: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3 <u>"CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>: Extremely sensitive information, the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, including Protected Data and information specified above in the Good Cause Statement (regardless of how it is generated, stored or maintained), and/or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

For the purposes of the Protective Order, Protected Data means all information (produced by any party or third party) that relates to an identified or identifiable natural person ("Data Subject"); an identifiable person is one who can be identified, directly or indirectly, in particular by reference to an identification number or to one or more factors specific to their physical, physiological, mental, economic, cultural, or social identity. All Data Subject identifiers shall be treated as confidential business information. A Data Subject identifier includes without limitation a data subject's name, location data (such as an address or phone number), and online identifiers (such as an email address and IP addresses). Additional examples of Data Subject identifiers include employee number; job title; salary; date of birth; social media profile, handle, or user ID; information related to work authorization or licensing (including union membership); political opinions; and information related to racial or ethnic origin. However, once a Data Subject has been identified by a party as a deposition witness or trial witness in this Action, that data subject's name may be disclosed to the parties, in Court filings, and at trial without violating this Protective Order.

/ / /

Any party receiving Protected Data shall take technical and organizational security measures that are appropriate to the risks, such as unauthorized access, presented by the processing. Any person acting under the authority of a receiving party, including a data processor, must not process the data except on instructions from the receiving party. Any party receiving Protected Data shall have in place procedures so that any third-party it authorizes to have access to the personal data, including processors, will respect and maintain the confidentiality and security of the Protected Data.

Protected Data may only be processed, used, or communicated for purposes of the Action as described within this Protective Order and may not be further transferred to any other third-party except as expressly allowed under this Protective Order.

2.4 "CONFIDENTIAL – SOURCE CODE" Information or Items: Extremely sensitive discovery material that contains or substantively relates to a party's Source Code. For purposes of this Order, "Source Code" means source code, computer code, object code (*i.e.,* computer instructions and data definitions expressed in a form suitable for input to an assembler, compiler, or other translator), microcode, pseudocode, source code listings and descriptions of source code, object code listings and descriptions of object code, register transfer language ("RTL"), firmware, and hardware description language ("HDL"), as well as any and all programmer notes, annotations, revision histories, and other comments of any type related thereto and accompanying the code. For avoidance of doubt, this includes, but is not limited to, source files, make files, intermediate output files, executable files, header files, resource files, binaries, scripts, algorithms, library files, module definition files, map files, object files, linker files, browse info files, and debug files.

The parties agree that information or items labeled "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – SOURCE CODE" will not be removed from the United States or shown to foreign nationals who are not "green card" holders without the advanced permission of the Designating Party.

5

2.6    Counsel (without qualifier): Outside Counsel of Record (as well as their support staff).

2.7    Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – SOURCE CODE."

2.8    Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.9    Expert: A person with specialized knowledge or experience in a matter pertinent to this Action who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action, (2) is not a past or current employee of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or of a Party's competitor.

2.10    Non-Party: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11    Outside Counsel of Record: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.12    Party: Any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13    Producing Party: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

/ / /

/ / /

6

2.14   <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., stenographers, photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15   <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – SOURCE CODE."

2.16   <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

Any use of Protected Material at trial will be governed by the orders of the trial judge.

/ / /

/ / /

/ / /

7

**4. DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

/ / /

/ / /

Designation in conformity with this Order requires:

(a) <u>For information in documentary form</u> (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – SOURCE CODE" to each page that contains Protected Material. To the extent it is practical to do so, if only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection except for Source Code shall be deemed "CONFIDENTIAL – ATTORNEYS' EYES ONLY" and Source Code shall be deemed "CONFIDENTIAL – SOURCE CODE." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – SOURCE CODE") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

(b) For testimony given in deposition ~~or in other pretrial or trial~~ FFM proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion

9

of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, ~~hearing, or other proceeding~~ FFM is concluded) a right to have up to 30 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to 30 days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY."

The use of a document as an exhibit at a deposition shall not in any way affect the document's designation as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – SOURCE CODE."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a 30-day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – SOURCE CODE." If only a portion or portions of the information or item warrant

10

protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of this Action, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process
/ / /

first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the parties must meet-and-confer pursuant to Local Rule 37-1. If the parties are unable to come to an agreement, the parties must submit a joint stipulation setting forth the issues, as required by Local Rule 37-1 within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, and conforms to the Local Rules. Under Local Rule 37-2, each written stipulation must be filed and served with the notice of the motion.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the parties submit a joint stipulation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action. Specifically, all Protected Material shall be used solely for this case or any related appellate proceeding, and not for any other purpose whatsoever, including without limitation any other litigation, patent prosecution or acquisition, patent reexamination or reissue proceedings, or any business or competitive purpose or function, unless otherwise agreed to by the Parties or ordered by the court. Protected Material shall not be distributed, disclosed or made available to anyone except as expressly provided in this Order.

12

Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 15 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

Any party receiving Protected Material shall take technical and organizational security measures that are appropriate to the risks, such as unauthorized access, presented by the processing. Any person acting under the authority of a Receiving Party, including a data processor, must not process the data except on instructions from the Receiving Party. Any party receiving Protected Material shall have in place procedures so that any third party it authorizes to have access to the Protected Material, including processors, will respect and maintain the confidentiality and security of the Protected Material.

7.2 <u>Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY"</u> <u>Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this Action;

(b) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this Action, (2) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (3) as to whom the procedures set forth in Section 7.4(a), below, have been followed;

(c) the Court and its personnel;

(d) any designated arbitrator or mediator who is assigned to hear this matter, or who has been selected by the Parties, and his or her staff, who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

13

(e) court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions or in court proceedings, witnesses in this action, provided that (1) such documents or information were authored by, addressed to, or received by such persons or other persons employed by the same entity as such persons, or (2) such documents or information were produced by or obtained from such persons or their employer; and

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3    Procedures for Approving or Objecting to Disclosure of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – SOURCE CODE" Information or Items to Experts.

(a)    Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert (as defined in this Order) any Information or Item that has been designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – SOURCE CODE" pursuant to Section 7.2(b) first must make a written request to the Designating Party that (1) identifies the general categories of "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – SOURCE CODE" information that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received compensation or funding for work in his or her areas of expertise or to whom the Expert has provided professional services, including in connection with a litigation, at any time during the

/ / /

/ / /

14

preceding five years,[1] and (6) identifies (by name and number of the case, filing date, and location of court) any litigation in connection with which the Expert has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

(b) A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert unless, within 14 days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based.

(c) A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within seven days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure.

In any such proceeding, the Party opposing disclosure to the Expert shall bear the burden of proving that the risk of harm that the disclosure would entail (under the

---

[1] If the Expert believes any of this information is subject to a confidentiality obligation to a third party, then the Expert should provide whatever information the Expert believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert shall be available to meet and confer with the Designating Party regarding any such engagement.

safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

7.4    Disclosure of "CONFIDENTIAL – SOURCE CODE" Information or Items.  A party or non-party may designate Source Code as "CONFIDENTIAL – SOURCE CODE" if it comprises or includes confidential, proprietary, or trade secret Source Code. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, Source Code designated as CONFIDENTIAL – SOURCE CODE shall be subject to the following provisions:

(a)    Protected Material designated as "CONFIDENTIAL – SOURCE CODE" shall be subject to all of the protections afforded to "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and may be disclosed only to the individuals to whom "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information may be disclosed, as set forth in Sections 7.2 and 7.3.

(b)    Any Source Code produced in discovery shall be made available for inspection, in a format allowing it to be reasonably reviewed and searched, during normal business hours or at other mutually agreeable times, at an office of the Producing Party's counsel or another mutually agreed upon location. Unless otherwise agreed to by the Parties, Source Code produced by Tektronix will be made available in Tektronix's outside counsel's offices in San Diego, CA  Source code produced by Rohde & Schwarz will be made available in Rohde & Schwarz's outside counsel's offices in Washington D.C.  The Source Code shall be made available for inspection on a secured computer in a secured room without Internet access or network access to other computers, and the Receiving Party shall not copy, remove, or otherwise transfer any portion of the Source Code onto any recordable media or recordable device.  The Producing Party may visually monitor the activities of the Receiving Party's representatives during any Source Code review from outside the review room, but only to ensure that there is no unauthorized recording, copying, or transmission of the Source Code. Such monitoring shall not entail review of any work product generated

16

by the Receiving Party, e.g., monitoring the screen of the secure computer, monitoring any surface reflecting any notes or work product of the Receiving Party, or monitoring the key strokes of the Receiving Party. There will be no video supervision by the Producing Party.

(c)     The Receiving Party may request that commercially available software tools for viewing and searching Source Code be installed on the secured PC. The Receiving party must provide the Producing Party a CD, DVD, or other media containing such software tools, or links for a download at least 4 days in advance of the inspection. The Receiving Party shall be responsible for providing a license for the use of the review and search tools.

(d)     The Receiving Party may request paper copies of limited portions of Source Code that are reasonably necessary for the preparation of court filings, pleadings, expert reports, or other papers, or for deposition or trial, but shall not request paper copies for the purposes of reviewing the Source Code other than electronically as set forth in Subsection (b) in the first instance.  The Producing Party shall provide all such Source Code in paper form including bates numbers and the label "CONFIDENTIAL – SOURCE CODE."  The Producing Party may challenge the amount of Source Code requested in hard copy form pursuant to the dispute resolution procedure and timeframes set forth in Section 6 whereby the Producing Party is the "Challenging Party" the and Receiving Party is the "Designating Party" for purposes of dispute resolution.  For each product design family, source code print outs will be limited to a total of 40 pages, except that this 40-page limit may be exceeded if both parties agree.  If the Receiving Party wishes to print more pages beyond this page limit, the parties shall meet and confer in good faith and the Producing Party shall not unreasonably withhold permission to the Receiving Party to exceed the page limit.

(e)     The Receiving Party shall maintain a record of any individual who has inspected any portion of the Source Code in electronic or paper form. The Receiving

17

Party shall maintain all paper copies of any printed portions of the Source Code in a secured, locked area. Similarly, the Receiving Party shall maintain derivative materials created using Source Code, such as any notes of an Expert, in a secured, locked area. The Receiving Party shall not create any electronic or other images of the paper copies and shall not convert any of the information contained in the paper copies into any electronic format. The Receiving Party shall only make additional paper copies if such additional copies are (1) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report), (2) necessary for deposition, or (3) otherwise necessary for the preparation of its case. Any paper copies used during a deposition shall be retrieved by the Producing Party at the end of each day and must not be given to or left with a court reporter or any other individual.

## 8. DISCOVERY FROM EXPERTS OR CONSULTANTS

(a) Absent good cause, drafts of reports of testifying experts, and reports and other written materials, including drafts, of consulting experts, shall not be discoverable.

(b) Reports and materials exempt from discovery under the foregoing Subsection 8(a) shall be treated as attorney work product for the purposes of this case and Protective Order.

(c) Testifying experts shall not be subject to discovery with respect to any draft of his or her report(s) in this case. Draft reports, notes, or outlines for draft reports developed and drafted by the testifying expert and/or his or her staff are also exempt from discovery.

(d) Discovery of materials provided to testifying experts shall be limited to those materials, facts, consulting expert opinions, and other matters actually relied upon by the testifying expert in forming his or her final report, trial, or deposition testimony or any opinion in this case. No discovery can be taken from any non-testifying expert except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert relied upon by that

18

testifying expert in forming his or her final report(s), trial, and/or deposition testimony or any opinion in this case.

(e) No conversations or communications between counsel and any testifying or consulting expert will be subject to discovery unless the conversations or communications are relied upon by such experts in formulating opinions that are presented in reports or trial or deposition testimony in this case.

(f) Materials, communications, and other information exempt from discovery under the foregoing Subsections 8(a)–(e) shall be treated as attorney work product for the purposes of this litigation and Order.

(g) Nothing in Protective Order, include Subsections 8(a)–(e), shall alter or change in any way the requirements in Section 7.4 regarding Source Code, and Section 7.4 shall control in the event of any conflict.

## 9. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – SOURCE CODE" that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

19

Action as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – SOURCE CODE" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**10.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS ACTION**

(a)    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "CONFIDENTIAL – SOURCE CODE." Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

1.    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

2.    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

3.    Make the information requested available for inspection by the Non-Party.

/ / /

20

(c)     If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession, custody, or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 11.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 12.     INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the

/ / /

21

parties may incorporate their agreement in the stipulated protective order submitted to the court.

**13.    MISCELLANEOUS**

13.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

13.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the Protected Material in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court.

**14.    LIMITED PATENT PROSECUTION BAR**

Absent the written consent of the Producing Party, any person on behalf of the Receiving Party who receives and reviews one or more items containing technical information that is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" by a

22

Producing Party shall not be involved, directly or indirectly, in advising on, consulting on, preparing, prosecuting, drafting, editing, and/or amending the scope of patent claims directed to the determination of trigger time by a digital trigger for oscilloscopes, before any foreign or domestic agency, including the United States Patent and Trademark Office. These prohibitions are not intended to and shall not preclude counsel from preparing or prosecuting patent applications relating to oscilloscopes, including oscilloscopes containing digital triggers, so long as the claimed invention does not specifically pertain to determining a trigger time. These prohibitions are not intended to and shall not preclude counsel from participating in proceedings on behalf of a Party challenging the validity of any patent, and these prohibitions are not intended to and shall not preclude counsel for the Receiving Party from participating in reexamination, inter partes review proceedings, or covered business method review to defend the validity of any challenged patent, but counsel for the Receiving Party may not participate in the crafting of amended claims in any such proceedings where those amended claims pertain to determining a trigger time. These prohibitions shall begin when technical information designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" is first received and reviewed by the affected individual, and shall end fourteen (14) months after the person destroys all copies of the technical information. Nothing in this section limits the obligations and restrictions set forth elsewhere in this Protective Order that all persons on behalf of the Receiving Party who receive and review items containing technical information that is designated "CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" can only use that technical information for the purposes of this litigation, and for no other purpose.

## 15. FINAL DISPOSITION

Within 60 days after the final disposition of this Action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or

23

destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60-day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**16.    VIOLATIONS**

Any willful violation of this Order may be punished by civil or criminal contempt proceedings, financial or evidentiary sanctions, reference to disciplinary authorities, or other appropriate action at the discretion of the Court.


**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**


DATED:  March 13, 2019                  _____/S/ FREDERICK F. MUMM_____
                                        HONORABLE FREDERICK F. MUMM
                                        United States Magistrate Judge

24

<u>EXHIBIT A</u>
<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____[print or type full name], of

_____

[print or type full address], declare under penalty of perjury that I have read in its

entirety and understand the Stipulated Protective Order that was issued by the United

States District Court for the Central District of California on _____ [date] in

the case of ROHDE & SCHWARZ GMBH & CO., KG v. TEKTRONIX, INC.,

CASE NO. 2:18-cv-02402-SJO (FFMx). I agree to comply with and to be bound by

all the terms of this Stipulated Protective Order and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature

of contempt. I solemnly promise that I will not disclose in any manner any

information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court

for the Central District of California for the purpose of enforcing the terms of this

Stipulated Protective Order, even if such enforcement proceedings occur after

termination of this action.

I hereby appoint _____ [print or type full name] of

_____

[print or type full address and telephone number] as my California agent for service

of process in connection with this action or any proceedings related to enforcement

of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____